UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA ROBERTSON,

Plaintiff,

v.

R. FERNANDEZ, et al.,

Defendants.

No. 2:24-cv-2901-DAD-EFB (PC)

ORDER

Plaintiff is a state prisoner proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis. ECF Nos. 6, 7, 10.

**I. In Forma Pauperis Application**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II. Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

All defendants in this action are correctional staff at California State Prison, Sacramento ("CSP-Sac"). ECF No. 1 at 6.[1] Plaintiff's claims center on two incidents that occurred on July 13, 2024.[2] *Id.* at 8-20. The first incident occurred while plaintiff was being escorted from the

[1] Page citations to the complaint refer to those assigned by the court's electronic docket management system.

[2] The complaint states the date of the incidents as July 31, 2014, but the attachments to the complaint indicate that the correct date is July 31, 2024.

"RHU-Ad-Seg Yard" to "RHU-Ad-Seg Building Five" by defendant Avila. *Id.* at 8. Avila paused by a fire hydrant in the yard to adjust plaintiff's waist restraint. *Id.* At the entrance to Building Five, defendant Fernandez asked plaintiff what he had retrieved by the fire hydrant. *Id.* at 8-9. Plaintiff replied, "Nothing," and Avila explained that they had stopped to adjust the restraints. *Id.* Fernandez said to plaintiff, "You know what I'm talking about," but plaintiff denied knowing. *Id.* at 9. Fernandez grabbed plaintiff's arm, told him to face the wall, pushed him toward the wall, yanked his arm, and swept his feet out from under him. *Id.* Plaintiff, who is six feet four inches tall and weighs 240 pounds, fell forcefully, head- and face-first, onto the concrete ground, still in waist restraints. *Id.* at 9-10. He suffered injuries including damage to his teeth, a broken nose, and a concussion. *Id.* at 20. Avila and Fernandez did not report the unnecessary use of force. *Id.* at 10-11. Fernandez wrote that plaintiff had been resisting and had not landed on his head, but rather on his upper back. *Id.* at 11. Defendant B. Chacon, who became aware of the disturbance when plaintiff was already on the ground with Fernandez on his back, wrote in his report that, at that point in time, plaintiff was not resisting. *Id.* Defendant J. Thompson, who similarly witnessed the latter part of the incident, did not write anything in his report about whether plaintiff was or was not resisting. Plaintiff complains that Thompson should have written in his report that plaintiff and was in waist restraints and was not resisting. *Id.* at 12. Officer Taitano (not a defendant), reported that he helped apply leg restraints while plaintiff was prone on the floor and, at that time, plaintiff was not resisting. *Id.* Defendant Bonell also came on the scene when plaintiff was prone, with Fernandez on his back and Avila securing his legs, and observed that plaintiff was not resisting. *Id.* at 13.

Plaintiff was taken for a medical evaluation, where the second incident occurred. *Id.* Plaintiff remained secured in waist and leg restraints, limiting his movements to about 12 inches per step. *Id.* at 24. Bonell reported that, without warning, plaintiff jumped out of a chair and rushed, head-first, at defendant T. Gonzalez. *Id.* at 13. Plaintiff does not provide a personal account of the second incident. Instead, the complaint summarizes the reports of staff witnesses. While plaintiff alleges that the reports are inconsistent, they are consistent in reporting that plaintiff, without warning, rose from his seat and rushed at a correctional officer. ECF No. 1 at

41 (report of defendant Thompson), 42 (report of Officer Taitano), 43 (report of defendant Bonell), 45 (report of defendant Gonzalez), 46 (report of Officer Salinas), 47 (report of Officer Pike). (The majority of the reports state that plaintiff lunged at defendant Gonzalez; Officer Pike reports that plaintiff lunged at defendant Bonell (who, according to his report, was to the left of Gonzalez).)

The correctional staff present, including defendants Gonzalez and Bonell, attempted to subdue plaintiff. *Id.* at 13-18, 41-46. In his incident report, appended to the complaint, Gonzalez wrote that he wrapped his arms around plaintiff and attempted to force him to the ground. *Id.* at 45. Gonzalez reported that plaintiff swung his shoulders back and forth to break Gonzalez's grasp. *Id.* Gonzalez struck plaintiff twice in the torso with his fist, but plaintiff kept resisting. *Id.* Through the intervention of additional staff, plaintiff was forced to the ground, but he continued to resist. *Id.* Gonzalez struck plaintiff three more times, at which point plaintiff stopped resisting. *Id.* Plaintiff alleges that the officer reports intentionally painted plaintiff as the aggressor to protect staff from excessive force allegations and notes that he remained in waist and ankle restraints during the second incident. *Id.* at 18, 24.

To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that a correctional officer used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 7. Construed liberally, and for the purposes of § 1915A, plaintiff has stated a potentially cognizable excessive force claim against defendant Fernandez for sweeping plaintiff's legs from under him, causing plaintiff to crash to the concrete floor. Plaintiff has not stated a cognizable excessive force claim against any other defendant, because there are no allegations that state, or from which it could be inferred, that any other defendant acted maliciously and sadistically to cause harm (rather than to restore order) during either the first or

second incidents.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Bystander-officers violate the Eighth Amendment if they have a realistic opportunity to intervene during an excessive use of force but fail to do so. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene."). "A guard who stands and watches while another guard beats a prisoner violates the Constitution ...." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Plaintiff has not stated a cognizable failure to intervene claim against any defendant, because he has not alleged facts stating (or from which it could be inferred) that any defendant other than Fernandez used excessive force against him. Defendant Avila was the only officer who was present during Fernandez's use of force, but plaintiff does not allege facts that would show that Avila had a realistic opportunity to prevent Fernandez from sweeping plaintiff's legs from beneath him. All other officers who reported on the first incident came on the scene when plaintiff was already on the ground and thus could not have possibly intervened.

Allegations that state actors have acted to cover-up the constitutional wrongs of others are cognizable only where the cover-up (1) caused the constitutional violation or (2) prevented the plaintiff from obtaining redress for a constitutional violation. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988); *Chance v. Phelan*, No. 2:22-cv-06175-FMO-SSC, 2024 U.S. Dist. LEXIS 245694, at *11-12 (C.D. Cal. Feb. 9, 2024); *Dell v. Espinoza*, No. 1:16-cv-1769-MJS (PC), 2017 U.S. Dist. LEXIS 17310, at *15-16 (E.D. Cal. Feb. 7, 2017). A cover-up that happens subsequent to a constitutional violation cannot cause the constitutional violation and thus does not state a cognizable claim unless it deprives the plaintiff of access to the courts. *Dell*, 2017 U.S. Dist. LEXIS 17310, at *15-16. Even then, the access to courts claim is premature where, as here, the challenge the underlying violation remains pending. *Id.* Plaintiff does not allege that the reports and other actions he alleges were intended to cover-up for defendant Fernandez's use of force deprived him of access to the courts. Even if he did, his claims concerning that use of force are pending in this action. Accordingly, plaintiff's cover-up claims

will be dismissed.

Plaintiff will be provided an opportunity to file an amended complaint to attempt to correct these deficiencies. Plaintiff is not obligated to amend the complaint; he may instead choose to proceed only on the claim against defendant Fernandez identified in this order as potentially cognizable.

**III. Leave to Amend**

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**IV. Order**

Accordingly, it is ORDERED that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 6, 7) are GRANTED.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to

the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has stated a potentially cognizable excessive force claim against defendant Fernandez.
4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time. In addition, the court will direct defendants to respond to the pending motions for preservation of evidence.
6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 21, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA ROBERTSON,

Plaintiff,

v.

R. FERNANDEZ, et al.,

Defendants.

No. 2:24-cv-2901-DAD-EFB P

NOTICE OF ELECTION

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) ______ proceed only with the excessive force claim against defendant R. Fernandez.

OR

(2) ______ delay serving any defendant and file an amended complaint.

______________________________

Plaintiff

Dated: